UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| TRAVIS RICARDO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of the<br>Social Security Administration,<br><br>　　　　Defendant. | Case No. EDCV 16-01654-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

**PROCEEDINGS**

On July 29, 2016, Plaintiff filed a Complaint seeking review of the denial of her application for Supplemental Security Incom. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 17, 20). On January 3, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 17, 20). The parties filed a Joint Stipulation ("Joint Stip.") on May 2, 2017, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 26).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Appeal," filed August 19, 2016 (Docket Entry No. 15).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On October 17, 2012, Plaintiff filed an application for Supplemental Security Income, alleging a disability since July 27, 2012. (See AR 130-38). On September 9, 2014, the Administrative Law Judge ("ALJ"), John Kays, heard testimony from Plaintiff and vocational expert Ronald Hatakeyama. (See AR 32-46). On October 24, 2012, the ALJ issued a decision denying Plaintiff's application. (See AR 20-27). After determining that Plaintiff had a severe impairment -- bursitis of the bilateral hips status post intramedullary rodding of bilateral femur

fractures (AR 22)[2] -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments (AR 22), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[3] to perform light work[4] with the following limitations: standing or walking for no more than 4 hours out of an 8-hour workday; sitting for no more than 6 hours out of an 8-hour workday; no jobs requiring work around unprotected heights or on ladders, ropes and scaffolds; and limited to jobs requiring only the performance of simple, routine, repetitive tasks. (AR 22-25). The ALJ then determined that Plaintiff did not have any past relevant work (AR 25), but that jobs existed in significant numbers in the national economy that Plaintiff can perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 25-27).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 14-16, 220-21). The request was denied on June 9, 2016. (AR 1-5). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

---

[2] The ALJ determined that Plaintiff's left ear hearing loss and a dislocated shoulder were nonsevere impairments. (AR 22).

[3] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 416.945(a)(1).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

3

| | |
|---|---|
| 1 | **PLAINTIFF'S CONTENTIONS** |
| 2 | |
| 3 | Plaintiff alleges that the ALJ erred in failing to: (1) evaluate |
| 4 | the opinion of Plaintiff's treating physician, Dr. Huang; and (2) |
| 5 | properly reject Plaintiff's testimony regarding his limitations. (See |
| 6 | Joint Stip. at 3-5, 15-20, 29-30). |
| 7 | |
| 8 | **DISCUSSION** |
| 9 | |
| 10 | After consideration of the record as a whole, the Court finds that |
| 11 | Plaintiff's second claim of error warrants a remand for further |
| 12 | consideration. Since the Court is remanding the matter based on |
| 13 | Plaintiff's second claim of error, the Court will not address |
| 14 | Plaintiff's first claim of error. |
| 15 | |
| 16 | **A. The ALJ Did Not Properly Assess Plaintiff's Credibility** |
| 17 | |
| 18 | Plaintiff asserts that the ALJ failed to properly find that |
| 19 | Plaintiff's testimony about his pain symptoms and functional limitations |
| 20 | was not fully credible. (See Joint Stip. at 16-20, 29-30). Defendant |
| 21 | asserts that the ALJ properly evaluated Plaintiff's subjective |
| 22 | complaints and found him not fully credible. (See Joint Stip. at 20- |
| 23 | 29). |
| 24 | |
| 25 | Plaintiff made the following statements in a "Function Report - |
| 26 | Adult" dated March 11, 2013 (see AR 184-92)[5]: |
| 27 | |
| 28 | ───────────────── |
| | [5] The Function Report was completed by Plaintiff's grandmother. |

4

1   He lives with his grandmother and grandfather in a house.
2   His impairments limit his ability to work because he sometimes
3   gets "meixed up" [sic], has a hard time walking, has pain, and
4   has a problem seeing out of his left eye. For his impairments
5   he takes Percocet and Narco, both of which cause side effects
6   of upset stomach and moodiness. (See AR 184, 191).

8   With respect to daily activities, he watches television,
9   goes to physical therapy, goes shopping for dinner, talks on
10  the telephone and plays games. He does not take care of
11  anyone else or pets or other animals. As a result of his
12  impairments, he can no longer work or look for work. He has
13  no problem with his personal care. He needs special reminders
14  to take medicine (and to not take too much). His impairments
15  affect his sleep. (See AR 185-86).

17  He cannot cook; he prepares sandwiches and T.V. dinners
18  only. His grandmother cooks for him since she is afraid he
19  will burn himself. With encouragement, he is able to make his
20  bed, hang towels, and clean his room (his chores take about 30
21  minutes). Pain in his hips and head limits his ability to do
22  house or yard work. He goes outside two to three times daily,
23  riding in a car, but never alone (his grandmother is "afraid
24  to let him go out by himself"). His grandmother does all his
25  shopping (but he goes with her). (See AR 186-87, 191).

27  He is able to count change and handle a savings account.
28  He does not pay bills (he does not have any), and he is not

able to use a checkbook or money orders.  He does not know the cost of things.  (See AR 187-88).

His hobbies and interests are watching television and playing games on television (with loud volume because of his hearing issue).  He spends time with others, visiting his father, mothers, friends, and shows (with his grandmother) on a weekly basis.  He has problems getting along with others because he has no patience and wants things immediately.  Since his impairments began, he lost his girlfriend, leaving him depressed and frustrated.  (See AR 889).

His impairments affect his lifting, squatting, bending, standing (for too long), walking, kneeling, talking, hearing, stair-climbing, seeing, memory, completing tasks, concentration, understanding, and getting along with others.  He can lift only 10 pounds, he has a hard time picking up things, he gets tired quickly, he has to have things repeated, and he is always mad.  He can walk for 15 minutes before needing to rest, and he can resume walking after 5 minutes of rest.  He can pay attention for 20 minutes before he gets frustrated.  He does not finish what he starts.  He does not follow written instructions well, and he does not follow spoken instructions (unless "he wants to do it").  He does not get along well with authority figures because he has a bad attitude, and he does not handle stress well.  He uses a hearing aid and glasses, and he should but will not use a cane.  (See AR 169-70).

Plaintiff testified at the August 11, 2014 administrative hearing as follows (see AR 37-47):

> He last worked doing construction (plumbing, demolition) for a few months, before he had his accident (he hit a concrete median and a wall while traveling at approximately 100 miles per hour on a motorcycle). He also worked at a tattoo parlor doing tattoos for people, before he had his accident; he can no longer do that work because of pain sitting down or standing up for too long. Sitting for too long causes pain in his hips and legs. He can sit at one time for about an hour and a half, and he can stand at one time for about one hour. He has memory problems -- he forgot to bring his identification to the hearing; he has to write down things to do or else he forgets them. He sometimes has difficulty eating; he forgets to chew food and ends up choking. (See AR 35-38, 40-41-42).

> He spends his days at home (he lives with his aunt), watching television, washing dishes, and organizing his sleeping area. He has few friends; he spends time with them about once every two weeks. (See AR 38-41).

> Whether he could do a job in which he takes a break every 45 minutes to an hour depends on the level of pain and his pain medication. He last went to a doctor, a pain doctor, about 2 months ago. He takes pain medication, but he

presently is not taking medication because he has not been to a doctor due to the lack of a ride (his grandparents live far away). His pain medication does not make the pain go away; it makes him less uncomfortable, but he still has to constantly sit down and stand up. He anticipates having a surgery to remove the rods in his legs. (See AR 38, 40-41).

After briefly summarizing Plaintiff's testimony (see AR 23 ["The claimant alleges disabling limitations due to his symptoms, including difficulties with exertion and ambulation (Exhibit 5E)"], the ALJ addressed Plaintiff's credibility as follows: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 23).

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the subjective symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain and symptoms only by articulating specific, clear and convincing reasons for doing so. Brown-Hunter v. Colvin, 798 F.3d 749, 755 (9th Cir. 2015)(citing Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)); see also

Smolen v. Chater, supra; Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). Because the ALJ does not cite to any evidence in the record of malingering, the "clear and convincing" standard stated above applies.

Here, the ALJ failed to provide any reasons, let alone clear and convincing reasons, for finding that Plaintiff's testimony about the intensity, persistence and limiting effects of his symptoms was not fully credible.[6] Moreover, the ALJ failed to "specifically identify 'what testimony is not credible and what evidence undermines [Plaintiff's] complaints.'" Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)); see also Smolen v. Chater, supra, 80 F.3d at 1284 ("The ALJ must state specifically what symptom testimony is not credible and what facts in the record lead to that conclusion").

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179

---

[6] The Court will not consider reasons for finding Plaintiff not fully credible (see Joint Stip. at 20-26) that were not given by the ALJ in the Decision. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)("We are constrained to review the reasons the ALJ asserts."; citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) and Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001)).

("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly assess Plaintiff's credibility, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[7]

**ORDER**

---

[7] The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's failure to evaluate the opinion of Plaintiff's treating physician, Dr. Huang (see Joint Stip. at 3-5, 15-20). Because this matter is being remanded for further consideration, this issue should also be considered on remand.

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 20, 2017

                                           /s/
                                    ALKA SAGAR
                     UNITED STATES MAGISTRATE JUDGE